**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BROADVISION, INC.,[1] | Case No. 20-_____ (____) |
| Debtor. | |

**MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER (I) SCHEDULING
A COMBINED HEARING ON (A) ADEQUACY OF DISCLOSURE STATEMENT,
(B) CONFIRMATION OF PLAN, AND (C) THE ASSUMPTION OF EXECUTORY
CONTRACTS AND CURE AMOUNTS; (II) APPROVING FORM AND MANNER
OF NOTICE OF (A) COMBINED HEARING, (B) COMMENCEMENT OF
CHAPTER 11 CASE, AND (C) ASSUMPTION OF EXECUTORY CONTRACTS AND
CURE AMOUNTS RELATED THERETO, AND OBJECTION DEADLINES;
(III) ESTABLISHING PROCEDURES FOR OBJECTING TO (A) DISCLOSURE
STATEMENT, (B) PLAN, AND (C) PROPOSED ASSUMPTION OR REJECTION
OF EXECUTORY CONTRACTS AND CURE AMOUNTS; (IV) CONDITIONALLY
(A) DIRECTING THE UNITED STATES TRUSTEE NOT TO CONVENE A
SECTION 341 MEETING OF CREDITORS, AND (B) MODIFYING REQUIREMENT
OF FILING STATEMENTS OF FINANCIAL AFFAIRS AND SCHEDULES OF
ASSETS AND LIABILITIES; AND (V) GRANTING RELATED RELIEF**

BroadVision, Inc. (the "Debtor"), by and through its proposed undersigned counsel, DLA

Piper LLP (US), hereby submits this motion (the "Motion") for entry of an order, substantially in

the form attached hereto as **Exhibit A** (the "Proposed Scheduling Order") granting the relief

described below.  In support of this Motion, the Debtor relies upon, and incorporates by reference,

the *Declaration of Declaration of Pehong Chen in Support of Chapter 11 Filing and First Day*

*Pleadings* (the "First Day Declaration"), filed contemporaneously with this Motion.  In further

support of this Motion, the Debtor respectfully states as follows:

---

[1]   The last four digits of the Debtor's federal tax identification number are 4303.  The Debtor's address is 460
Seaport Ct., Suite 102, Redwood City, California 94063.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction to consider this chapter 11 case ("Chapter 11 Case"), the Debtor, property of the Debtor's estate and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).

2.      Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtor consents to the entry of a final judgment or order with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      Venue of this Chapter 11 Case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested in this Motion are sections 105, 341, 365, 521, 1125, 1126 and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), rules 1007, 2002, 3003, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 1007-1, 1007-2, 2002-2, 3017-1, and 9006-1.

## BACKGROUND

5.      On the date hereof (the "Petition Date"), the Debtor filed with this Court its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6.      The Debtor is authorized to operate its businesses and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the

2

date hereof, no trustee, examiner, or official committee of unsecured creditors has been appointed in this Chapter 11 Case.

7.    Additional factual background regarding the Debtor, including its business operations, capital structure, and the events leading to the filing of this Chapter 11 Case, is set forth in detail in the First Day Declaration, which is fully incorporated into this Motion by reference.

## RELIEF REQUESTED

8.    Pursuant to sections 105(a), 341, 521(a), 1125, 1126, and 1128 and of title 11 of the Bankruptcy Code, Bankruptcy Rules 1007, 2002, 3017, and 3018 , and Local Rules 1007–1, 1007–2, 3017-1, and 3018-2, the Debtor requests entry of an order confirming the following procedures (collectively, the "Confirmation Procedures") to aid in the efficient administration of this Chapter 11 Case:

- scheduling a combined hearing (the "Combined Hearing") to consider (i) approving the adequacy of the *Disclosure Statement for Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code for BroadVision, Inc.* (as may be amended, modified or supplemented from time to time the "Disclosure Statement"),[2] (ii) confirmation of the *Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code for BroadVision, Inc.* (as may be amended, modified, or supplemented from time to time, the "Plan"),[3] and (iii) the proposed assumption or rejection of executory contracts, unexpired leases and any related cure costs in connection therewith (the "Cure Amounts");

- establishing an objection deadline (the "Plan / Disclosure Statement Objection Deadline") to object to the adequacy of the Disclosure Statement or confirmation of the Plan;

- establishing the deadline (the "Executory Contract Objection Deadline" and, together with the Plan/Disclosure Statement Objection Deadline, the

---

[2]    The Disclosure Statement (with the Plan attached as an exhibit thereto) has been filed contemporaneously with this Motion.

[3]    Capitalized terms not otherwise defined herein shall have the meaning set forth in the Plan.

WEST\289757970.11

"Objection Deadlines") to object to the proposed assumption or rejection of Executory Contracts and Unexpired Leases and any related Cure Amounts;

- approving the form and manner of notice of the Combined Hearing, the Objection Deadline, notice of commencement, the assumption of Executory Contracts and Unexpired Leases, Cure Amounts, and the Objection Deadlines;

- modifying the requirement that the Debtor file both statements of financial affairs ("Statements") and complete schedules of assets and liabilities, but instead, authorize the Debtor to only file its schedules of assets and liabilities ("Schedules"), in order to confirm its secured claims (Schedule D), if any, and general unsecured claims (Schedule E/F), which will be paid in full in cash under the Plan;

- conditionally directing the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") not to convene the initial meeting of creditors under section 341(a) of the Bankruptcy Code; and

- granting related relief.

9. The following table summarizes the key proposed dates relevant to the Confirmation Procedures, subject to the Court's calendar:

| Event | Date |
|---|---|
| Combined Notice Mailing Date | Within three (3) Business Days of the entry of the Proposed Scheduling Order, or as soon as reasonably practicable thereafter |
| Plan Supplement Filing Date | At least seven (7) days prior to the Plan / Disclosure Statement Objection Deadline |
| Plan / Disclosure Statement Objection Deadline | May 7, 2020, at 4:00 p.m. (prevailing Eastern Time) |
| Reply Deadline | May 11, 2020 |
| Deadline to file and serve the Assumption and Cure Notice | Not less than twenty-one (21) days prior to the date of the Combined Hearing |
| Executory Contract Objection Deadline | May 7, 2020, at 4:00 p.m. (prevailing Eastern Time) |
| Executory Contract Reply Deadline | Three (3) days prior to the Combined Hearing |
| Combined Hearing | May 14, 2020 |

4

| Event | Date |
|---|---|
| Section 341(a) Meeting | If Plan is not confirmed, promptly following Combined Hearing and on no less than twenty-one (21) days' notice; if Plan is confirmed, there will be no Section 341(a) Meeting |
| Schedules and Statements Deadline | If Plan is not confirmed, forty-five (45) days after Combined Hearing (without prejudice to request further extension); if Plan is confirmed, requirement that the Debtor file its Statements is excused, but Debtor shall file its Schedules D and E/F (as necessary in order to confirm the Debtor's general unsecured claims, which will be paid in full in cash under the Plan) |

10. For ease of reference, the following table summarizes the attachments and exhibits to this Motion:

| Pleading | Exhibit |
|---|---|
| Proposed Scheduling Order | **Exhibit A** to this Motion |
| Proposed Combined Notice | **Exhibit B** to this Motion |
| Proposed Assumption and Cure Notice | **Exhibit C** to this Motion |
| Form of Publication Notice | **Exhibit D** to this Motion |

**I.    The Restructuring Support Agreement**

11. On March 27, 2020, the Debtor executed a Restructuring Support Agreement (the "RSA") with (i) ESW Capital, LLC, as proposed plan sponsor and a major shareholder of the Debtor (the "ESW"), and (ii) other major shareholders of the Debtor, including Dr. Pehong Chen and Honu Holdings, LLC (collectively, the "Consenting Equity Holders"). The RSA sets forth the terms of a comprehensive restructuring of the Debtor to be implemented through the Plan. Concurrently herewith, the Debtor filed the *Motion of the Debtor for Entry of an Order Authorizing the Debtor's Assumption of the Restructuring Support Agreement* (the "RSA Assumption

5

Motion") seeking to assume the RSA.  The RSA is attached as Exhibit B to RSA Assumption Motion.

12.    The RSA is the culmination of the Debtor's consensual restructuring negotiations with various constituencies, including ESW and the Shareholders, and provides a clear path towards a prompt reorganization and emergence from this Chapter 11 Case pursuant to the terms and conditions of the Plan.  The Plan contemplates a 100% recovery on all Allowed Claims, plus an expected recovery to shareholders of at least $4.375/share following payment of all Allowed Claims, representing a significant premium to shareholders above the market value of the Debtor's common shares.  The RSA serves as the mechanism pursuant to which each of the Parties is held to deliver the bargain it struck prior to the Petition Date.

13.    Pursuant to the RSA, the Debtor, ESW, and the Shareholders have agreed to pursue the effectuation and consummation of a comprehensive financial restructuring (the "Restructuring") through a "prepackaged" plan of reorganization, substantially in the form of the Plan filed concurrently herewith.  Generally, the Plan provides for, among other things, (1) the reorganization of the Debtor by retiring, cancelling, extinguishing and/or discharging all Interests; (2) the funding of Cash Consideration by ESW, as the plan sponsor, on the Effective Date; (3) distribution of Available Cash to holders of Allowed Claims and Interests in accordance with the priority scheme established by the Bankruptcy Code or as otherwise agreed; and (4) the issuance of 100% of the New Equity in the Reorganized Debtor to ESW (as each capitalized term is defined in the Plan).

14.    Under the Plan, all Classes of Claims and Interests are either unimpaired, in which case the holders of such Claims and Interests are conclusively presumed to have accepted the Plan, or impaired and entitled to no distribution under the Plan, in which case the holders of such

Interests are conclusively deemed to have rejected the Plan.  *See* 11 U.S.C. § 1126(f), (g). Specifically, holders of Claims or Interests in the following Classes are deemed to accept the Plan: Class 1 – Secured Claims, Class 2 – Other Priority Claims, Class 3 – General Unsecured Claims, and Class 4 – Equity Interests.  Because the holders of Claims or Interests in Classes 1–4 are deemed to accept the Plan, and therefore not entitled to vote to accept or reject the Plan, the Debtor does not believe it is necessary to solicit votes from such holders.  Holders of Claims or Interests in the only other Class under the Plan, Class 5 – Other Interests, are deemed to reject the Plan and therefore not entitled to vote to accept or reject the Plan (collectively, with Classes 1–4, the "Non-Voting Classes").  Regardless, all holders of Claims and Interests will receive a copy of the Combined Notice (as defined below).  Additionally, the Debtor will also cause the Combined Notice to be filed publicly with The Nasdaq Stock Market LLC  ("Nasdaq") in the form of a Form 8-K so that the Combined Notice is available to all shareholders.

## BASIS FOR RELIEF

### I.    Scheduling the Combined Hearing

15.    Bankruptcy Rule 3017(a) provides in relevant part that "the court shall hold a hearing on at least twenty-eight (28) days' notice to consider the disclosure statement and any objections or modifications thereto." Fed. R. Bankr. Proc. 3017(a).   Further, Bankruptcy Rule 3017(c) provides, "[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation."  Additionally, Section 1128(a) of the Bankruptcy Code provides, "[a]fter notice, the court shall hold a hearing on confirmation of a plan." However, the Bankruptcy Code authorizes the Court to schedule a combined hearing to consider approval of a disclosure statement and confirmation of a chapter 11 plan.  *See* 11 U.S.C. § 105(d)(2)(B)(vi) (the court may issue such order "as the court deems appropriate to ensure that the case is handled

expeditiously and economically, including an order that . . . provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan.").

16.     By this Motion, the Debtor respectfully requests that the Court schedule the Combined Hearing to consider approval of the Disclosure Statement, confirmation of the Plan, and approval of the proposed assumption or rejection of Executory Contracts, which hearing would be held, subject to the Court's schedule, on May 14, 2020 (the "Proposed Combined Hearing Date"). The scheduling of the Combined Hearing on the Proposed Combined Hearing Date is in the best interest of the Debtor and its estate and stakeholders. The Proposed Combined Hearing Date will enable the Debtor to promptly effectuate confirmation and consummation of the Plan.

17.     In addition, the Proposed Combined Hearing Date, which the Debtor proposes to set approximately 37 days after the date of service of notice, will provide parties in interest with the requisite notice prescribed under Bankruptcy Rule 3017(a), as addressed further below. A combined hearing on the timeline proposed in this Motion is also generally consistent with the practice in other prepackaged cases in this District. *See, e.g., In re Reva Medical, Inc.*, No. 20-10072 (JTD) (Bankr. D. Del. Jan. 16, 2020); *In re Fuse, LLC*, No. 19-10872 (KG) (Bankr. D. Del. Apr. 24, 2019); *In re Keystone Tube Co.*, LLC, No. 17-11330 (LSS) (Bankr. D. Del. June 20, 2017); *In re Key Energy Services, Inc.*, No. 16-12306 (BLS) (Bankr. D. Del. Oct. 25, 2016).

18.     The Debtor respectfully requests that the Court enter the Proposed Scheduling Order, pursuant to section 105(d)(2)(B)(vi) of the Bankruptcy Code, setting the Combined Hearing to be held May 14, 2020, and providing that the Combined Hearing may be continued from time to time without further notice other than an announcement in open court on the adjourned date or in the filing of a notice or a hearing agenda in this Chapter 11 Case, and that notice of such adjourned date(s) will be available on the electronic case filing docket.

WEST\289757970.11

**II.     The Form and Manner of Combined Notice of the Combined Hearing and Commencement of the Chapter 11 Case**

**A.     The Form of Combined Notice is Appropriate**

19.     Bankruptcy Rule 2002 requires a debtor to provide notice to all creditors and equity holders of (i) a hearing to consider, and the deadline to object to, the adequacy of a disclosure statement and (ii) a hearing to consider, and the deadline to object to, confirmation of a plan.  Fed. R. Bankr. P. 2002.  A debtor is also required to provide all creditors, equity holders, and other parties in interest with notice of the commencement of a chapter 11 case.  *ld.*  Bankruptcy Rule 3017(e) provides that at the hearing to consider the disclosure statement, "the court shall consider the procedures for transmitting the documents and information required by [Bankruptcy Rule 3017(d)] to beneficial holders of stock, bonds, debentures, notes and other securities, determine the adequacy of the procedures, and enter any orders the court deems appropriate."  *Id.* at 3017(e).

20.     In this instance, the Debtor believes that the proposed procedures for transmitting the combined notice (the "Combined Notice") to parties in interest, as discussed herein, are adequate under the circumstances and should be approved.  The Combined Notice will set forth, among other things, (i) the notice of commencement of the Debtor's Chapter 11 Case, (ii) the date, time, and place of the Combined Hearing, (iii) instructions for obtaining copies of the Disclosure Statement and Plan, (iv) the Objection Deadlines and procedures for filing objections to the adequacy of the Disclosure Statement, confirmation of the Plan, assumption or rejection of Executory Contracts and Unexpired Leases, and/or Cure Amounts, and (v) a summary of the Plan and will attach the Bar Date Notice (as defined in , and contemplated by, the Debtor's Bar Date Motion filed contemporaneously herewith).  The Combined Notice also clearly provides that holders of unimpaired Claims and Interests shall be deemed to have consented to the release,

9

WEST\289757970.11

injunction, exculpation, and discharge provisions in Article X of the Plan unless they object to such provisions by the Plan / Disclosure Statement Objection Deadline (defined below).  In addition, the Combined Notice informs parties in interest of deferral of the Section 341(a) Meeting and that such meeting will not be convened if the Plan is confirmed at the Combined Hearing (or promptly thereafter).  Therefore, the Debtor requests authorization to send the Combined Notice, substantially in the form attached hereto as **Exhibit B,** of the Combined Hearing and commencement of the Chapter 11 Case.

### B.      Distribution of the Combined Notice Provides Adequate Notice

21.      In order to provide parties in interest with notice sufficient to satisfy Bankruptcy Rule 2002 of the information to be reflected in the Combined Notice, the Debtor proposes to serve the Combined Notice by electronic mail, facsimile, and/or first-class mail within three (3) Business Days of the entry of the Proposed Scheduling Order or as soon as reasonably practicable thereafter. The Combined Notice will be served, without duplication, on the following parties:

(a)      all known creditors and equity holders;

(b)      the United States Attorney for the District of Delaware;

(c)      the Internal Revenue Service;

(d)      the United States Securities and Exchange Commission;

(e)      the Debtor's cash management banks;

(f)      all state and local taxing authorities as to which the Debtor has tax liability;

(g)      all foreign, federal, state, and local authorities that regulate any portion of the Debtor's businesses;

(h)      all counterparties to executory contracts and leases; and

(i)      all parties requesting service in this Chapter 11 Case pursuant to Bankruptcy Rule 2002.

WEST\289757970.11

22.     Bankruptcy Rule 2002(1) permits the Court to order "notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."  In accordance with Bankruptcy Rule 2002(1), the Debtor proposes to supplement the foregoing notice by publishing a notice (the "Publication Notice")[4] of the Combined Hearing once in national edition of the *New York Times*, *The Wall Street Journal*, or *USA Today*, as soon as reasonably practicable after entry of the Scheduling Order, to inform (i) those creditors who are unknown to, or not reasonably ascertainable by, the Debtor and (ii) those creditors with potential claims unknown by the Debtor.  Fed. R. Bankr. P. 2002(1).  In addition, the Debtor will cause the Combined Notice to be posted electronically on the case website maintained by the Debtor's claims and noticing agent, Epiq Corporate Restructuring LLC (the "Claims Agent"): https://dm.epiq11.com/BroadVision.  Finally, the Debtor will also cause the Combined Notice to be filed publicly with Nasdaq in the form of a Form 8-K.

23.     The Debtor believes that the proposed manner of distributing the Combined Notice and Publication Notice will provide adequate notice of the time for filing and serving objections to, and the date and time of the hearing on, the adequacy of the Disclosure Statement and confirmation of the Plan, and, accordingly, request that the Court approve such manner of notice as adequate.

### C.     The Combined Notice Satisfies Due Process

24.     In order to satisfy the requirements of due process, notice must be reasonably calculated to apprise interested persons of the pending action.  *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950).  Whether notice is reasonable or adequate depends on whether a creditor is known or unknown to the debtor. *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346

---

[4]     The form of Publication Notice is attached hereto as **Exhibit D**.

11

(3d Cir. 1995). "Known" creditors must receive actual, mail notice of bankruptcy proceedings. *Id.* at 345. By contrast, notice by publication is sufficient to satisfy the requirements of due process for "unknown" creditors. *Id.* at 346-47.

25.    A "known" creditor is one whose identity is either known or "reasonably ascertainable by the debtor." *Id.* at 346 (citing *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478 (1988)). In identifying "known" creditors, due process requires debtors to perform reasonable diligence of their books and records – but it does not require that debtors engage in "impracticable and extended searches." *Mullane*, 339 U.S. at 317; *see also Chemetron Corp.*, 72 F.3d at 346; *Mission Towers v. Grace*, No. 07-287, 2007 U.S. Dist. LEXIS 89913, at \*21-24 (D. Del. Dec. 6, 2007), *aff'd,* 316 F. App'x 134 (3d Cir. 2009).

26.    By contrast, the Supreme Court has held that an "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to the knowledge" of the debtor. *Mullane*, 339 U.S. at 317. Moreover, in bankruptcy cases, when determining whether a creditor is "known" or "unknown," the appropriate form of notice, and how much to spend on notice, courts must balance the interests of the debtor's existing and potential creditors as well as other parties in interest. *Vancouver Women's Health Collective Soc'y v. A.H. Robins Co., Inc.*, 820 F.2d 1359, 1364 (4th Cir. 1987); *see also Fogel v. Zell*, 221 F.3d 955, 963 (7th Cir. 2000); *In re GAC Corp.*, 681 F.2d 1295, 1300 (11th Cir. 1982); *Gentry v. Circuit City Stores, Inc. (In re Circuit City Stores, Inc.)*, 439 B.R. 652, 660 (Bankr. E.D. Va. 2010) ("The totality of the circumstances in each case must be analyzed to determine whether a particular creditor is known or unknown.").

27.    Based on the foregoing, the Debtor submits that the proposed Combined Notice and Publication Notice, together with the methods of distribution and publication described herein,

12

will satisfy the requirements of due process for both known and unknown creditors and request that the Court find that the Combined Notice is adequate.

**III.    The Deadline and Procedures for Objecting to the Adequacy of the Disclosure Statement or to Confirmation of the Plan**

28.    Bankruptcy Rule 3017(a) authorizes the Court to fix a time for filing objections to the adequacy of the Disclosure Statement, and Bankruptcy Rule 3020(b)(1) authorizes the Court to fix a time for filing objections to the Plan.  Bankruptcy Rule 2002(b) and Local Bankruptcy Rule 3017-1(a) require twenty-eight (28) days' notice of such deadline subject to the discretion of the Court to reduce such time period under Bankruptcy Rule 9006(c)(1).

29.    The Debtor requests that the Court set deadline to file objections to the adequacy of the Disclosure Statement or to confirmation of the Plan to be **May 7, 2020 at 4:00 p.m. (prevailing Eastern Time) (the "Plan / Disclosure Statement Objection Deadline")**.  The Debtor believes that the proposed timeline will provide adequate notice of the time for filing and serving objections to the adequacy of the Disclosure Statement or confirmation of the Plan, and, accordingly, requests that the Court approve such manner of notice as adequate.

30.    The Debtor requests that the Court order that objections to approval of the Disclosure Statement or to confirmation of the Plan, to the extent there are any, shall:

(a)    be in writing;

(b)    comply with the Bankruptcy Rules, the Local Bankruptcy Rules, Chambers' procedures, and other orders of the Court;

(c)    state the name and address of the objecting party and the nature and amount of any claim or interest asserted by the objecting party against the estate or property of the Debtor;

(d)    state with particularity the legal and factual basis for such objection, and if practicable, a proposed modification to the Disclosure Statement or Plan that would resolve such objections;

13

(e)      be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, together with proof of service thereof; and

(f)      be served by personal service or by overnight delivery, so as to be **ACTUALLY RECEIVED** no later than **4:00 p.m. (prevailing Eastern time) on the Plan / Disclosure Statement Objection Deadline** by **May 7, 2020**, with such service being made on the following parties (collectively, the "Notice Parties"): (i) BroadVision, Inc., 460 Seaport Ct., Suite 102, Redwood City, California 94063 (Attn: Dr. Pehong Chen [Pehong.Chen@BroadVision.com]); (ii) proposed counsel to the Debtor, DLA Piper LLP (US), 555 Mission Street, Suite 2400, San Francisco, California 94105 (Attn: Joshua D. Morse, Esq. [joshua.morse@us.dlapiper.com]) and 1201 North Market Street, Suite 2100, Wilmington, Delaware 19801 (Attn: R. Craig Martin, Esq. [craig.martin@us.dlapiper.com]); (iii) the office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware (Attn: David Buchbinder, Esq., [david.i.buchbinder@usdoj.gov] ); and (iv) counsel to ESW Capital, LLC, Goulston & Storrs PC, 885 Third Avenue, 18th Floor, New York, New York 10022 (Attn: Trevor R. Hoffmann, Esq. thoffmann@goulstonstorrs.com]).

31.    The Debtor also requests that the Court set **May 11, 2020 as the deadline (collectively, the "Reply Deadline")**, for: (i) the Debtor to file replies to any timely-filed objections filed in respect of the Disclosure Statement or the Plan, (ii) the Debtor to file the proposed Confirmation Order, and (iii) the Debtor to file the Confirmation Brief.  In accordance with Local Bankruptcy Rule 3016-2(b), the Plan Supplement will be filed with the Court no later than seven (7) days prior to the Plan / Disclosure Statement Objection Deadline.

32.    The Debtor submits that the proposed schedule for the Combined Hearing, including the establishment of the Plan / Disclosure Statement Objection Deadline and the Reply Deadline is in the best interests of all parties in interest in the Chapter 11 Case.  This proposed schedule is intended to minimize the disruption to the Debtor's businesses and avoid the costs associated with a lengthy chapter 11 proceeding.  Additionally, it is appropriate that the Court approve the schedule requested by this Motion so that all parties in interest may be informed as promptly as possible of the schedule regarding the Combined Hearing.  The Debtor submits that

14

the proposed schedule and notice to be provided by the Debtor will afford all parties in interest ample notice of the proceedings.

**IV.    Establishing Deadline and Procedures for Objections to the Proposed Assumption or Rejection of an Executory Contract and Unexpired Lease and Proposed Cure Amounts**

33.    The Plan provides that all Executory Contracts and Unexpired Leases set forth on Exhibit B to the Plan will be rejected as of the Effective Date of the Plan.  *See* Plan, § 7.2.  The Plan further provides that "all Executory Contracts and Unexpired Leases shall be deemed assumed without the need for any further notice to or action, order, or approval of the Bankruptcy Court as of the Effective Date under section 365 of the Bankruptcy Code".  *See* Plan, § 7.1.  The Debtor shall file with the Court a list of such Executory Contacts and Unexpired Leases and their respective Cure Amounts and serve a notice in substantially the form attached hereto as **Exhibit C** (the "Assumption and Cure Notice") on the non-Debtor counterparties to such Executory Contacts and Unexpired Leases not less than twenty-one (21) days prior to the date of the Combined Hearing.

34.    The Debtor requests that any counterparty to an Executory Contract or Unexpired Lease that disputes the Debtor's proposed Cure Amount or otherwise objects to the assumption of such Executory Contract or Unexpired Lease, or objects to the assumption or rejection of an Executory Contract or Unexpired Lease, be required to file an objection thereto that complies with the requirements described in the Proposed Scheduling Order so as to be **ACTUALLY RECEIVED by May 7, 2020 at 4:00 p.m. (prevailing Eastern Time)** (the "Executory Contract Objection Deadline").  The Debtor also requests that the Court direct that any responses or objections to the assumption or rejection of Executory Contracts and Unexpired Leases or Cure Amounts:

(a)    be in writing;

15

(b)    conform to the applicable Bankruptcy Rules and the Local Rules;

(c)    set forth the name of the objecting party, the basis for the objection, and the specific grounds therefor;

(d)    be filed with the Court, together with a proof of service, on or before the Executory Contract Objection Deadline; and

(e)    be served on the Notice Parties.

35.    Finally, the Debtor requests that the Court authorize the Debtor and any other party in interest to file replies to any objections or responses at least three (3) days prior to the Combined Hearing ("Executory Contract Reply Deadline").

36.    The Debtor respectfully submits that this procedure is appropriate under the circumstances.  Pursuant to the procedures proposed by the Debtor, the Debtor's Claims Agent will serve the Combined Notice and the Assumption and Cure Notice on all known counterparties to Executory Contracts and Unexpired Leases within three (3) Business Days of the entry of the Proposed Scheduling Order (or as soon as reasonably possible).

**D.    Waiver of the Requirement to Mail the Disclosure Statement to Certain Creditors and Equity Holders is Appropriate**

37.    For the reasons set forth herein, the Debtor requests a waiver of the Bankruptcy Rule 3017 requirement that the Debtor mail a copy of the Disclosure Statement and Plan to holders of Claims or Interests deemed to have accepted or rejected the Plan.  *See* Fed. R. Bankr. P. 3017. The Debtor has made the Disclosure Statement and the Plan available at no cost on the Claims Agent's website and has included a summary of the Plan in the Combined Notice.  The Combined Notice contains a summary of the plan terms and a copy of the release, injunction and exculpation provisions contained in the Plan.  Moreover, it would be an expensive and unnecessary administrative burden on the Debtor to transmit the Combined Notice, Disclosure Statement, and Plan to holders of Claims and Interests deemed to have accepted or rejected the Plan.  Accordingly,

16

the Debtor submits that it is not appropriate to require the Debtor to transmit a copy of the Disclosure Statement or Plan to the holders of Claims or Interests other than those holders of Claims or Interests entitled to vote on the Plan.

## V. Approval of the Disclosure Statement and Plan

### A. Approval of the Disclosure Statement

38. The Debtor will seek the Court's ruling at the Combined Hearing that the Disclosure Statement was extensive and comprehensive and therefore provided adequate information within the meaning of section 1125(a)(1) of the Bankruptcy Code. Accordingly, the Debtor also requests that, at the Combined Hearing, the Court approve the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code.

39. Section 1125(b) of the Bankruptcy Code requires that a plan proponent provide holders of impaired claims and equity interests with "adequate information" regarding a debtor's proposed chapter 11 plan of reorganization. In particular, section 1125(a)(1) of the Bankruptcy Code defines "adequate information" as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information . . . .

11 U.S.C. § 1125(a)(1).

40. The Disclosure Statement is extensive and comprehensive and contains descriptions and summaries of, among other things:

17

(a)     the history of the Debtor,

(b)     the restructuring process that led to the RSA and the Plan,

(c)     certain events preceding the commencement of the Debtor's Chapter 11 Case,

(d)     treatment of the Claims and Interests under the Plan,

(e)     material terms of the Plan, including the releases, injunction and exculpation provisions,

(f)     risk factors affecting the Plan, and

(g)     federal tax law consequences of the Plan.

41.     In addition, the Disclosure Statement is the product of a collaborative effort among the Debtor and ESW.

42.     Based on the foregoing, the Debtor submits that the Disclosure Statement contains sufficient information for a voting creditor to make an informed judgment regarding whether to vote to accept or reject the Plan.  Thus, the Debtor respectfully requests that the Court approve the Disclosure Statement at the Combined Hearing as containing adequate information in satisfaction of the requirements of section 1125 of the Bankruptcy Code.

**VI.     Confirmation of the Plan**

43.     The Debtor believes that the Plan satisfies all of the requirements for confirmation under the Bankruptcy Code.  As noted above, the Debtor has requested that the Court schedule the Combined Hearing at which time the Debtor will seek confirmation of the Plan.  Prior to the Combined Hearing, the Debtor will file a declaration, a proposed form of order confirming the Plan ("Confirmation Order"), and a brief (the "Confirmation Brief") in support of confirmation of the Plan that, among other things, (i) demonstrates that the Plan satisfies the requirements for plan confirmation set forth in section 1129 of the Bankruptcy Code, and (ii) responds to objections to confirmation, if any.

WEST\289757970.11

**VII.    Cause Exists for the U.S. Trustee Not to Convene a Section 341(a) Meeting if the Plan is Confirmed at the Combined Hearing**

44.     Section 341 of the Bankruptcy Code allows a court to waive the requirement of a meeting of creditors or equity holders if a debtor has filed a plan on the petition date and solicited acceptances of a plan prior to the commencement of a chapter 11 case.  More specifically, section 341(e) of the Bankruptcy Code provides that:

> Notwithstanding subsections (a) and (b), the court, on the request of a party in interest and after notice and a hearing, for cause may order that the United States trustee not convene a meeting of creditors or equity security holders if the debtor has filed a plan as to which the debtor solicited acceptances prior to the commencement of the case.

11 U.S.C. § 341(e).

45.     Here, because all of the Classes of Claims and Interests under the Plan are ineligible to vote to accept or reject the Plan, the Debtor did not, and does not believe it needs to, solicit votes from such holders.

46.     Cause therefore exists to waive the Section 341(a) Meeting, unless the Plan is not confirmed at or promptly after the Combined Hearing, as the Plan contemplates that unsecured creditors holding Allowed Claims will be paid in full under the Plan and other "first day" orders sought by the Debtor.  The Debtor further proposes that if the Plan is not confirmed at the Combined Hearing (or promptly thereafter), the U.S. Trustee be permitted to promptly schedule the Section 341(a) Meeting on no less than 21-days' notice.  Granting this relief conditionally at the outset of the Chapter 11 Case also allows the U.S. Trustee to schedule a Section 341(a) Meeting, if it eventually becomes appropriate to do so.  The Debtor thus respectfully submits that, if the Plan is confirmed in a timely manner, creditors are not prejudiced by the lack of a Section 341(a) Meeting.

19

47.    Courts in this District routinely grant similar waivers in other prepackaged chapter 11 cases.  *See, e.g., In re Reva Medical, Inc*., No. 20-10072 (JTD) (Bankr. D. Del. Jan. 16, 2020); *In re Blackhawk Mining, LLC*, No. 19-11595 (LSS) (Bankr. D. Del. Jul. 22, 2019); *In re Fuse, LLC*, No. 19-10872 (KG) (Bankr. D. Del. Apr. 24, 2019); *In re Mattress Firm, Inc*., No. 18-12241 (CSS) (Bankr. D. Del. Oct. 9, 2018); *In re Se. Grocers, LLC*, No. 18-10700 (MFW) (Bankr. D. Del. Mar. 29, 2018); *In re Remington Outdoor Co*., No. 18-10684 (BLS) (Bankr. D. Del. Mar. 27, 2018); *In re Tidewater Inc., No. 17-11132 (BLS) (Bankr. D. Del. May 17, 2017).*[5]

48.    For these reasons, the Debtor submits that sufficient "cause" exists to waive the requirement of a Section 341(a) Meeting as set forth herein.

**VIII.  Cause Exists to Conditionally Waive the Deadline to File Schedules and Statements if the Plan is Confirmed Promptly and Instead Authorize the Filing of Schedules D and E/F to Confirm Allowed Claims for Full Payment on the Effective Date**

49.    The Debtor also requests that the time for filing the Schedules and Statements be extended or, alternatively in the event the Plan is confirmed at the Combined Hearing (or promptly thereafter), the requirement that the Debtor file its Statements be waived, and the Debtor be authorized to only file Schedules D and E/F for the purpose of validating the Allowed Claims to be paid in full in cash on the Effective Date of the Plan.  Section 521 of the Bankruptcy Code requires a debtor to file the Schedules and Statements unless the court orders otherwise.  Pursuant to Bankruptcy Rule 1007(c) and Local Bankruptcy Rule 1007-1(b), the Court has authority to grant an extension "for cause" of the time period allotted to file the Schedules and Statements.  Extension for cause requires merely that a debtor "demonstrate some justification for the issuance of the order," and "normally will be granted in the absence of bad faith or prejudice the adverse party."

---

[5]    The referenced orders are voluminous in nature and are not attached to this Motion.  However, in light of the requirements of Local Rule 7007-2(a)(vii), undersigned counsel has retained copies of each order and will make them available to the Court, if requested, or to any party that requests them.

WEST\289757970.11

*See, e.g., Bryant v. Smith*, 165 B.R. 176, 182 (W.D. Va. 1994) (discussing the standard for granting extension under Bankruptcy Rule 1007) (citations omitted).

50.     Here, cause exists to extend the deadline and to waive the requirement to file the full, standard set of Schedules and Statements.  Requiring the Debtor to file the full set of Schedules and Statements shortly after the Petition Date would distract the Debtor's management and advisors from the work of ensuring a seamless transition into the Chapter 11 Case and achieving expedited confirmation of the Plan.  In the event that the Plan is not confirmed at the Combined Hearing (or promptly thereafter), then the Debtor requests that the Court extend the deadline to file its full, standard set of Schedules and Statements until 45 days after the Combined Hearing (without prejudice to request further extensions).

51.     However, in anticipation of confirming the Plan at the Combined Hearing, the Debtor requests relief from the requirement that the Debtor file both its Schedules and Statements, instead authorizing the Debtor to only File Schedules D and E/F (creditors who have secured and unsecured claims).  Authorizing the Debtor to file only such Schedules makes good sense and conserves valuable resources under the circumstances.  Moreover, the filing of Schedules D and E/F will allow the Debtor to validate and quantify the full extent of secured claims, if any, and general unsecured claims, which are contemplated to be paid in full in cash on the Effective Date of the Plan.  Such Schedules are also necessary to the relief requested by the Debtor in connection its motion to establish a bar date, filed concurrently herewith.  While the Debtor acknowledges that such request is novel, courts allow flexibility with such filing requirement when circumstances warrant by routinely waiving the requirement that a debtor file its Schedules and Statements altogether if the debtor's "prepackaged" chapter 11 plan is confirmed shortly after the commencement of the debtor's chapter 11 case.  Thus, the Debtor's common sense request for

WEST\289757970.11

even more limited relief in the form of authorization to file only Schedules D and E/F in the event that the Plan is confirmed at the Combined Hearing, is warranted under the circumstances.

52.     Courts in this District routinely waive the requirements for a debtor to file standard Schedules and Statements in prepackaged chapter 11 cases.  *See, e.g., In re Reva Medical, Inc.*, No. 20-10072 (JTD) (Bankr. D. Del. Jan. 16, 2020); *In re Blackhawk Mining, LLC*, No. 19-11595 (LSS) (Bankr. D. Del. Jul. 22, 2019); *In re Fuse, LLC*, No. 19-10872 (KG) (Bankr. D. Del. Apr. 24, 2019); *In re Mattress Firm, Inc.*, No. 18-12241 (CSS) (Bankr. D. Del. Oct. 9, 2018); *In re Se. Grocers, LLC*, No. 18-10700 (MFW) (Bankr. D. Del. Mar. 29, 2018); *In re HCR ManorCare, Inc.*, No. 18-10467 (KG) (Bankr. D. Del. Mar. 6, 2018); *In re Orchard Acquisition Co.*, No. 17-12914 (KG) (Bankr. D. Del. Dec. 13, 2017); *In re Key Energy Servs., Inc.*, No. 16-12306 (BLS) (Bankr. D. Del. Oct. 25, 2016); *In re Halcon Res. Corp.*, No. 16-11724 (BLS) (Bankr. D. Del. Jul. 29, 2016).[6]  For the reasons discussed above, similar relief is appropriate in this Chapter 11 Case as well.

## NOTICE

53.     Notice of this Motion will be provided in accordance with the Local Rules to: (i) the Office of the United States Trustee for Region 3; (ii) the United States Attorney for the District of Delaware; (iii) the parties included on the Debtor's list of twenty (20) largest unsecured creditors; (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (viii) counsel for ESW Capital, LLC; (ix) the Consenting Equity Holders; and (x) any party that has requested notice pursuant to Local  Rule 2002-1(b). As this Motion is seeking "first day" relief, notice of this Motion and any order entered in connection with this Motion will be served on all parties required

---

[6]     The referenced orders are voluminous in nature and are not attached to this Motion.  However, in light of the requirements of Local Rule 7007-2(a)(vii), undersigned counsel has retained copies of each order and will make them available to the Court, if requested, or to any party that requests them.

WEST\289757970.11

by Local Rule 9013-1(m).  Due to the urgency of the circumstances surrounding this Motion and the nature of the relief in it, the Debtor respectfully submits that no further notice of this Motion is required.

[*Balance of page intentionally left blank*]

23

WEST\289757970.11

**WHEREFORE**, for the reasons set forth herein, the Debtor respectfully requests that the

Court grant the relief requested in this Motion and the Scheduling Order, and such other and further

relief as is just and proper.

Dated:   March 30, 2020
         Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

 /s/  R. Craig Martin
R. Craig Martin (DE 5032)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: craig.martin@us.dlapiper.com

– and –

Joshua D. Morse (*pro hac vice* admission pending)
555 Mission Street, Suite 2400
San Francisco, California 94105
Telephone: (415) 836-2500
Facsimile: (415) 836-2501
Email: joshua.morse@us.dlapiper.com

*Proposed Counsel to the Debtor and Debtor in Possession*

WEST\289757970.11